Lucas Buckley (Wyo. Bar #6-3997)
Kari Hartman (Wyo. Bar #8-6507)
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
Phone:  307-634-7723
Fax:  307-634-0985
lbuckley@hkwyolaw.com
khartman@hkwyolaw.com

ATTORNEYS FOR DEFENDANTS THOMAS BROWN
AND BRANDON STROMACK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| LLOYD R. REDINGTON, JR., <br> Individually and in his capacity as <br> the Court-appointed Wrongful Death <br> Representative of the Estate of LYNDA <br> LEANNE REDINGTON, deceased, <br> and as natural father and next friend of <br> L.R. Redington, a minor, Elle A. Redington, <br><br> Plaintiff, <br><br> v. <br><br> dGEN ENERGY PARTNERS, INC.; <br> THOMAS BROWN, an individual; <br> BRANDON STROMACK, an individual, <br><br> Defendants. | Civil Action No. 26-cv-00213 |

---

**DEFENDANTS BRANDON STROMACK AND THOMAS BROWN'S MEMORANDUM
IN SUPPORT OF THEIR JOINT MOTION TO DISMISS**

---

**COME NOW** Defendants Brandon Stromack and Thomas Brown ("Defendants"), by

and through undersigned counsel, HATHAWAY & KUNZ, LLP and hereby respectfully move this

Court for an order dismissing all claims against them for the reasons discussed below.

This case does not belong in Wyoming, was filed too late, and pleads no viable individual claim against Mr. Stromack or Mr. Brown. Plaintiffs' claims are barred on multiple independent grounds, including lack of personal jurisdiction, untimeliness, lack of a proper plaintiff, failure to plead facts sufficient to state a claim, non-survival of asserted claims, failure to state a claim against Mr. Stromack under Title VII, and the absence of any factual basis for imposing liability on Mr. Stromack. The claims against Defendants Thomas Brown and Brandon Stromack must be dismissed.

**BACKGROUND**

Plaintiffs filed their Complaint in State District Court on June 3, 2026. *Complaint*. Defendants removed the action to this Court on July 10, 2026. *Notice of Removal*. Plaintiffs have alleged claims as follows: 1) wrongful death and sexual discrimination under Title VII against both Thomas Brown and Brandon Stromack; 2) a battery and assault survival action and intentional infliction of emotional distress claim solely against Mr. Brown; and 3) for negligence, negligent hiring, oversight, retention, supervision, and training against Mr. Stromack. *See generally Complaint*. Defendants vehemently dispute the allegations contained in the Complaint; however, for purposes of this Motion to Dismiss, they restate the relevant factual allegations while maintaining their objections to all characterizations and allegations.

Plaintiff Lloyd R. Redington is the wrongful death representative of the Estate of Lynda Leanne Redington and brings the action on behalf of himself and Mrs. Redington's children. *Complaint* at ¶¶ 6-8. Plaintiff Elle A. Redington also brings the action in her individual capacity, as the daughter of Mrs. Redington. *Id.* at ¶ 9. Plaintiffs have alleged that Mrs. Redington was employed by dGEN Energy Partners, Inc. ("dGEN") since October of 2022. *Id.* at ¶ 17. Mrs.

Redington lived in Michigan. *Id.* at ¶ 5. She worked remotely. *Id.* at ¶ 20. There is no personal representative of the *probate* Estate of Lynda Leanne Redington listed as Plaintiff.

Thomas Brown is a resident of Michigan and is Chief Executive Officer ("CEO") of dGEN. *Id.* at ¶ 10. Plaintiffs have alleged in conclusory fashion that Mr. Brown acted as dGEN's "alter ego" but have no specific factual allegations as to the basis for such assertion. *Id.* Mr. Stromack lives in California and is Chief Operations Officer ("COO") for dGEN. *Id.* at ¶ 11.

Plaintiffs allege that Mrs. Redington had engaged in "whistleblowing" activity because she learned that another employee, Walt Jordan, had allegedly defrauded people with his prior company and she suspected some of his projects did not comply with ethical standards, purportedly reporting such concerns to both Mr. Brown and Mr. Stromack. *Id.* at ¶¶ 28-33. Other than complaining internally about Mr. Jordan, there is no allegation that Mrs. Redington "blew the whistle" on the company with any regulator, authority, or third party. Plaintiffs allege that Mr. Brown used his personal relationship with Mrs. Redington to convince her to stay employed with dGEN and keep quiet about Mr. Jordan. *Id.* at ¶¶ 34-37.

Plaintiffs allege that Mrs. Redington was on a work trip to Puerto Rico and died on May 11, 2024, after emerging from the water while boogie boarding with Mr. Brown about 100-150 yards from the shore and that a Puerto Rico autopsy determined that she died from drowning. *Id.* at ¶¶ 38-44. Plaintiffs commissioned another "autopsy" in Florida, whose examiner allegedly found evidence of strangulation, bruising, contusions, and lacerations, which Plaintiffs claim did not exist prior to the day at the beach in Puerto Rico. *Id.* at ¶¶ 45-47. Plaintiffs make no plausible allegation of how such conditions could have occurred while boogie boarding. Notably, the only—albeit oblique—allusion to some form of violence comes from the purported Florida

"autopsy." No criminal investigation is alleged to have taken place, much less any charges asserted or any official finding other than a natural death.

With respect to the wrongful death claim, the only factual allegations are directed at Mr. Brown, but Plaintiffs claim that dGEN "is directly and vicariously" responsible for the death. *Id.* at ¶¶ 50-52. There are no allegations about any conduct of Mr. Stromack.

For the negligent hiring, oversight, retention, supervision, and training claim, Plaintiffs allege that Mr. Stromack owed Mrs. Redington a duty of care to maintain a workplace free from violence and retaliation and refrain from placing her alone with people who allegedly posed a risk of harm; to protect her from retaliation from her alleged whistleblowing and investigate/address alleged misconduct; and a duty in hiring, retention, oversight, supervision, and training over Mr. Brown. *Id.* at ¶¶ 65-66. They claim that these duties were breached arising out of Mrs. Redington's reports about Mr. Jordan and her interactions with Mr. Brown. *Id.* at ¶ 67. There are no allegations that Mr. Stromack was the employer of Mr. Brown or Mrs. Redington.

Finally, for the Title VII claim, Plaintiffs allege that Mrs. Redington was in a hostile or abusive work environment because of an alleged inappropriate sexual relationship and due to her alleged "whistleblowing activities". *Id.* at ¶¶ 79-81. Again, there are no allegations about Mr. Stromack individually. As set forth below, these allegations and all claims against Mr. Stromack and Mr. Brown should be summarily dismissed.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege facts that "state a claim to relief that is plausible on its face." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023). The plausibility standard requires the plaintiff to "plead factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023) (internal quotations omitted). The Court accepts the well-pleaded facts in the complaint as true and views them in a light favorable to the plaintiff, but "need not accept threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements, or allegations plainly contradicted by properly considered documents or exhibits." *Clinton*, 63 F.4th at 1275 (cleaned up). In reviewing a motion to dismiss under Rule 12(b)(6), the Court may consider "documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a party may assert a lack of personal jurisdiction by motion. The plaintiff bears the burden of establishing personal jurisdiction. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). Conclusory allegations need not be credited by the Court. *Id.* The Court takes as true all well-pled (plausible, non-conclusory, and non-speculative) facts alleged in the complaint and any factual disputes in affidavits must be resolved in the plaintiffs' favor. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008).

## ARGUMENT

In analyzing the issues presented by this Motion to Dismiss, the Court must first address which law applies. This case has state law claims along with a federal question. *See generally Complaint.* Typically, for state law claims, "the Erie doctrine instructs that federal courts must apply state substantive law and federal procedural law." *Racher v. Westlake Nursing Home Ltd. P'ship,* 871 F.3d 1152, 1162 (10th Cir. 2017). Wyoming law, as the state in which this Court sits,

will typically apply to substantive issues for the state law claims. *See Boyd Rosene and Associates, Inc. v. Kansas Mun. Gas Agency,* 123 F.3d 1351, 1352 (10th Cir. 1997).

As a general rule the lex loci delicti, or law of the place where the tort or wrong has been committed typically governs with respect to substantive phases of torts and determines whether an act or omission gives rise to a right of action or civil liability for tort. *Boutelle v. Boutelle*, 2014 WY 147, ¶ 12, 337 P.3d 1148, 1153 (Wyo. 2014). The Restatement (Second) Conflict of Laws Section 146 states that in actions for personal injuries, the local law of the jurisdiction where the injury occurred determines the rights and liabilities of the parties unless some other jurisdiction has a more significant relationship under Section 6. That section requires courts to consider the needs of the interstate and international systems, the relevant policies of the forum and other interested states, the protection of justified expectations, the basic policies underlying the field of law, certainty, predictability and uniformity of result, and ease in the determination and application of law to be applied. Further, for issues relating to judicial administration, courts typically apply their own local laws under the Restatement (Second) Conflict of Laws Section 122 because the forum has a greater interest in how the court processes are administered than any other state.

When conducting a choice of law analysis, other courts have, at times, given additional weight to the forum selected by the plaintiff where the plaintiff and defendant are both residents of another state, recognizing that by filing in the specific state, it increased the governmental interests of that state. *Schlitz v. Meyer*, 280 N.E.2d 925, 927 (Ohio 1972). Here, Plaintiffs chose to file in Wyoming despite not being residents here, and against individual defendants that are also not located in Wyoming. *See Complaint* at ¶¶ 7-11. Therefore, it was not a matter of

convenience to file here and the Court should accord special weight to Plaintiffs' Wyoming choice of forum in terms of a choice of law analysis.

Further, the needs of the interstate systems, the relevant policies of Wyoming for purposes of providing the limits of tort actions that can be filed within the state, the justified expectations of all parties that Wyoming law would apply in a Wyoming lawsuit, the certainty, predictability, and uniformity of applying Wyoming law to all non-federal issues, and the ease in the determination and application of Wyoming law by a Wyoming federal court all weigh in favor of applying Wyoming law despite the alleged injuries occurring in other locations.

Wyoming's interests in advancing the policies of the state legislature barring certain tort actions and controlling the administration of judicial proceedings are strong. Indeed, Plaintiffs themselves have invoked Wyoming law with respect to the appointment of a wrongful death representative and have therefore, waived any argument that another state's laws should apply. *Complaint* at **Ex. A**; *see Herling v. Wyoming Machinery Co.*, 2013 WY 82, ¶ 42, 304 P.3d 951, 962 (Wyo. 2013) (waiver is the intent to surrender or relinquish an existing right that the party has knowledge of).

Assuming Wyoming law applies, the analysis below is clear that dismissal is appropriate. To the extent that Plaintiffs assert that another law applies, they fare no better. Rather, this would highlight the exact argument that Mr. Brown and Mr. Stromack should not be haled into court in Wyoming. Regardless the avenue, Mr. Brown and Mr. Stromack are entitled to full dismissal.

    i.      *The claims against Mr. Brown and Mr. Stromack should be dismissed based on lack of personal jurisdiction.*

To establish personal jurisdiction, Plaintiffs must show it would be consistent with Wyoming's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Marcus*

*Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). Wyoming's long-arm statute permits courts to exercise jurisdiction on any basis that is not inconsistent with the Wyoming and Federal Constitution and thus, the issue "depends entirely on whether a Wyoming court's exercise of personal jurisdiction . . . comports with due process." WYO. STAT. ANN. § 5-1-107(a); *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 965 (10th Cir. 2022). Effectively, the first inquiry collapses into the second constitutional analysis regarding ensuring due process. *Id.*

This Court can exercise jurisdiction over nonresident defendants only if there are "minimum contacts" with the forum state, which protects a defendant that has no meaningful contact with a state from the burdens of defending a lawsuit in another forum where laws may be different. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998). Minimum contacts can be found in two ways: 1) specific jurisdiction if the defendant has "purposefully directed" their activities at residents of the forum and the lawsuit results from the injuries that "arise out of or relate to those activities" or 2) general personal jurisdiction based on the defendant's general business contacts with the state being continuous and systematic. *Id.* at 1090-91. "General" or "all purpose" jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (e.g., domicile)." *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014).

Plaintiffs allege that Mr. Brown and Mr. Stromack are residents of Michigan and California, respectively. *Complaint* at ¶¶ 10-11. Thus, they do not have sufficient contacts with Wyoming to be subject to general personal jurisdiction, and Plaintiffs have made no other allegations regarding their individual general connections to Wyoming, instead grouping them together with dGEN and its alleged work-related contacts. *Id.* at ¶ 13. Therefore, they have failed

to meet their burden of establishing general personal jurisdiction. *See Dental Dynamics, LLC*, 946 F.3d at 1228.

To the extent Plaintiffs are claiming Mr. Brown and Mr. Stromack are subject to personal jurisdiction through their alleged roles with dGEN, that is likewise insufficient. "Where the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction." *Ten Mile Industrial Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987). The fiduciary shield doctrine and no imputed contacts doctrine instruct that contacts of a company's founders, officers, or other agents with a forum in their corporate capacity do not count towards personal jurisdiction contacts for the individual and neither do the company's forum contacts apply to individual employees, officers or agents. *Christian v. Loyakk, Inc.*, 650 F.Supp.3d 1242, 1264 (D. Wyo. 2023). Mr. Brown and Mr. Stromack are not subject to personal jurisdiction based on their alleged involvement with dGEN, a Wyoming company. [1]

Plaintiffs have similarly failed to meet their burden of establishing specific jurisdiction over Mr. Brown or Mr. Stromack. In addressing the purposeful direction prong for specific jurisdiction, this Court applies the "*Calder* effects test" which analyzes three elements: "(1) an intentional action; (2) expressly aimed at the forum state; and (3) knowledge that the brunt of the injury would be felt in the forum state." *Jayson*, 32 F.4th at 966-67. Each element must be established. *Id.* at 967. Typically, personal jurisdiction cases fail on the "express aiming" element

---

[1] Plaintiffs have also included the phrase "alter ego" at various times. It is unclear if this is an attempt to pierce the corporate veil and hold individuals within the company liable but there are no factual allegations to pierce the corporate veil. *See generally Complaint; Christian, 650 F. Supp. 3d at 1264-66.* Plaintiffs have done nothing more than use the phrase "alter ego" without further analysis and, as such, Plaintiffs have not established a legal or factual basis upon which their purported "alter ego" theory could establish personal jurisdiction or individual liability.

of the test. *Id.* at 968 (collecting cases). "Express aiming" requires the forum state to be "the focal point of the defendant's tortious conduct." *Id.* at 969.

Plaintiffs cannot establish the second or third element of the *Calder* effects test. Plaintiffs allege no conduct by Mr. Brown or Mr. Stromack expressly aimed at Wyoming and no knowledge that the brunt of any injury would be felt in Wyoming. The Complaint expressly alleges otherwise. Plaintiffs obliquely allege tortious conduct that purportedly occurred on a single morning in Puerto Rico and that Mrs. Redington's residence and remote work occurred in Michigan. *See Complaint* at ¶¶ 5, 20, 38-42. Wyoming is not the focal point of the alleged conduct or the alleged injury. Mr. Brown and Mr. Stromack are not alleged to have expressly aimed any conduct at the State of Wyoming. For this reason, they cannot establish specific jurisdiction over these Defendants.

Finally, even if the Court found that the elements could somehow be met, the Court must still consider "whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice" based on the following factors:

> (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states . . . in furthering fundamental social policies.

*Dudnikov,* 514 F.3d at 1080.

Here, the burden on Mr. Brown and Mr. Stromack would be great, as they would be forced to litigate in a different state far away from their residence and in which they have no individual contacts, and where they could be forced to travel and appear with no support system in place. Plaintiffs likewise cannot argue that their interests are served by Wyoming jurisdiction since they are not Wyoming residents, appear to have no contacts with Wyoming, and cannot show a nexus of activity or fact which would recommend Wyoming jurisdiction and forum to them. Relief here

would not be convenient or effectual for any party and even a (highly speculative) judgment entered here would require significant foreign judgment activity to attempt to collect.

With respect to factor four, the interstate judicial system's interests are analyzed in terms of the location of witnesses, where the wrong underlying the suit occurred, the substantive law governing the case, and whether piecemeal litigation would occur. *Kendall v. Turn-Key Specialists, Inc.,* 911 F.Supp.2d 1185, 1199 (N.D. Okla. 2012). Based on Plaintiffs' Complaint it does not appear that any witnesses would be in Wyoming, as the individuals who were present at the beach in Puerto Rico are alleged to be from Colorado, and all other individuals referenced in the Complaint are largely from California or Michigan. *Complaint* at ¶¶ 5-11, 39. Nor does it appear that any alleged wrong underlying the suit occurred in Wyoming, as Plaintiffs and Mr. Brown are Michigan residents and Mr. Stromack resides in California, and the other accident is expressly alleged to have occurred in Puerto Rico. *See Complaint* at ¶¶ 5-11, 38-42. No evidence or discovery documentation exists in Wyoming.

For the final factor, there do not appear to be any fundamental social policies relevant to analyze here beyond the Constitutional question of "fair play" which cannot be met. As such, this Court must dismiss the individual claims against Mr. Brown and Mr. Stromack for lack of personal jurisdiction.

    ii.    *Plaintiffs' claims are also barred by the statute of limitations.*

Wyoming's borrowing statute provides that if the law of the state or country where a cause of action arose bars the action, the claim is also barred in Wyoming. WYO. STAT. ANN. § 1-3-117; *Boutelle*, 2014 WY at ¶ 10, 337 P.3d at 1152 (holding "[t]he 'bottom line purpose' of Wyoming's borrowing statute is to bar a suit 'if the right to sue had already expired in another jurisdiction where the crucial combination of circumstances giving the right to sue had taken place'").

Plaintiffs' pleading places the alleged death-related state law tort claims in Puerto Rico. These claims include wrongful death, battery and assault, intentional infliction of emotional distress, and at least some of the allegations related to the direct negligence claim. *Complaint* at pp. 7-13. Puerto Rico provides a one-year statute of limitations for civil liability arising from fault or negligence. 31 L.P.R.A. §§ 5141, 5298. Taking Plaintiffs' allegations as true, the latest possible accrual date was May 11, 2024, when Mrs. Redington died and Plaintiffs had knowledge of the alleged injury. *See Complaint* at ¶¶ 38-42. The deadline to file then, was May 11, 2025. Plaintiffs filed on June 3, 2026—more than a year too late.

Separately, the survival action asserting battery and assault would also be barred under Wyoming's one-year statute of limitations for assault and battery. WYO. STAT. ANN. § 1-3-105(a)(v). Because the assault and battery allegations arise from the May 2024 Puerto Rico trip, *Complaint* at ¶¶ 57-64, those claims are untimely whether analyzed under Puerto Rico's one-year limitations period or Wyoming's one-year assault-and-battery limitations period. In sum, these claims are barred by the statute of limitations and must be dismissed.

> iii.    *Any survival action is barred because it was not brought by the real party in interest.*

Plaintiffs are not the real party in interest for any of the survival action claims asserted, whether styled as such.[2] These include Counts II-V. Rule 17(a) of the Federal Rules of Civil Procedure provides that an action must be prosecuted in the name of the real party in interest. In Wyoming, a survival action must be brought by the personal representative of the probate estate of the deceased, not the personal representative of the wrongful death estate, which serves as a

---

[2] Although Plaintiffs style only the battery and assault claims as survival actions, the intentional infliction of emotional distress, negligence, and Title VII claims are also survival claims. *See Complaint* at pp. 10-14. There are no allegations that Plaintiffs *individually* suffered any damages apart from conclusory allegations. *See id.* at ¶¶ 70, 75, 80-81. Therefore, if the damage was solely suffered by Mrs. Redington, the claim belongs to her and now her estate.

very specific and narrow appointment. *Gaston v. Life Care Centers of America, Inc.*, 2021 WY 74, ¶ 38, 488 P.3d 929, 941 (Wyo. 2021) (explaining that a survival action belongs to the estate and identifying the potential for objection based on a lack of real party in interest because there was no appointment as personal representative by the probate court). The statutory process in Wyoming for appointment as a wrongful death representative is distinct and separate from any other personal representative appointment. *See* WYO. STAT. ANN. § 1-38-103, 104, 105. Indeed, the distinction between a wrongful death personal representative and a personal representative of the estate is critical here because a survival action is a claim that belongs only to the estate. *See Gaston*, 2021 WY at ¶ 38, 488 P.3d at 941. As a procedural matter, Wyoming law controls this distinction. *See Smerski v. Lemon*, 2026 WY 61, ¶ 14, 590 P.3d 1205, 1209 (Wyo. 2026).

The only Plaintiffs in this matter are Mr. Redington individually and as the court-appointed wrongful death representative (an appointment that, by definition, only allows the prosecution of the wrongful death claim) and as the father of her minor children, as well as Elle Redington individually. *See generally Complaint*. There is no representation of the Estate of Mrs. Redington as a Plaintiff. It is not clear if one was ever appointed, when any appointment occurred, or who that representative is. Therefore, any survival action is also barred for the lack of real party in interest.

### iv. Plaintiffs' survival claims are barred by Mrs. Redington's death.

Wyoming law limits recovery for personal injury to damages from wrongful death if the person dies. WYO. STAT. ANN. § 1-4-101. Here, Plaintiffs cannot maintain any survival state law tort-based claims because they are all grounded on the same allegations and damages allegedly arising out of Mrs. Redington's death. *See Complaint* at pp. 10-13. If the alleged damage for these claims all arises out of Mrs. Redington's death, they can only be brought as a wrongful death claim.

The negligence, intentional infliction of emotional distress, and battery and assault claims should be dismissed accordingly.

Separately, Wyoming law also provides a limited list of actions that survive, including those at common law, causes of action for mesne profits, injuries to the person, an injury to real or personal estate, or any deceit or fraud. WYO. STAT. ANN. § 1-4-101. Plaintiffs' Title VII claim does not fall under this list and is therefore, barred.

> v.    *Lack of factual allegations against Mr. Stromack bar any negligence, wrongful death, or Title VII claim against him under the plausibility standard.*

There can be no direct negligence claim against Mr. Stromack where Plaintiffs cannot allege facts showing that he employed, supervised, controlled, hired, retained, trained, or had authority over Mr. Brown, dGEN's CEO. *See generally Complaint*. Indeed, direct negligence claims of this type are generally brought against an employer, not subordinates or co-employees. *See Shafer v. TNT Well Service, Inc*., 2012 WY 126, ¶ 26, 285 P.3d 958, 966-67 (Wyo. 2012) (recognizing a claim for negligent supervision against the employer). Yet, here, there is no allegation that Mr. Brown was an employee of Mr. Stromack's as a predicate for any direct negligence claim involving supervision, oversight, or training. Likewise, there is no allegation that Mr. Stromack made any decisions to hire or retain Mr. Brown (apart from a vague "upon information and belief" allegation that he participated in a decision to move Mr. Brown into a CEO role).

Instead, Plaintiffs suggest this Court recognize a new duty for a negligence claim which would attach unlimited liability for unforeseeable future alleged actions of someone the defendant has no control over. Indeed, the Complaint alleges that Mr. Brown was the CEO. *Complaint* at ¶

10. It is implausible to infer from that allegation that Mr. Stromack owed any plaintiff a duty with respect to oversight, retention, supervision, or training of Mr. Brown.

For purposes of recognizing a legal duty, such is a question of law, and the duty may arise by contract, statute, common law, or when the relationship is such that the law imposes an obligation to act reasonably for the protection of the plaintiff. *Shafer,* 2012 WY at ¶ 24, 285 P.3d at 965-66. In determining whether a duty exists, the Court considers the closeness of connection between Mr. Stromack's conduct and the injury allegedly suffered by Plaintiffs; the foreseeability of harm to Plaintiffs; and the consequences to the community and court system. *See id.* at ¶ 25, 966.

Here, there is a lack of foreseeability and lack of closeness of the connection between Mr. Stromack's non-existent conduct and Plaintiffs' alleged harm. Mr. Stromack has not been alleged to have actual oversight over Mr. Brown, and to recognize a duty under such circumstances would have far-reaching consequences to the court system and open the doors to various suits where co-workers are sued for the actions of others where they had no control over them. Simply put, there are no well-pled plausible factual allegations supporting that Mr. Stromack had any authority over Mr. Brown to support the recognition of any legal duty or a breach of any legal duty to Plaintiffs for Mr. Brown's alleged conduct.

Similarly, there are no allegations tying Mr. Stromack to the wrongful death claim. *Complaint* at ¶¶ 50-56. He is not referenced a single time under that claim. Plaintiffs allege no act, no omission, no duty, no control, and no causal conduct by him connected to Mrs. Redington's death.

To the extent Plaintiffs are trying to claim that Mr. Stromack is somehow vicariously liable for the alleged actions of Mr. Brown, that theory also fails. Vicarious liability is present where

there is an agency relationship. *See Hamilton v. Natrona County Educ. Ass'n*, 901 P.2d 381, 385-86 (Wyo. 1995) (noting vicarious liability is possible under the doctrine of respondeat superior in the employment context or in the apparent agency context when someone is held out as an agent by the principal). The lack of allegations that Mr. Stromack employed Mr. Brown or that Mr. Brown was somehow acting as an agent for Mr. Stromack necessitates dismissal. Therefore, these claims against Mr. Stromack are separately subject to dismissal for failure to state any claim, much less any plausible claim.

Finally, the Title VII claim is barred against Mr. Stromack individually. Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Title VII does not impose personal or individual liability on supervisors or coworkers. *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) (noting "[u]nder Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the *employer*"). Therefore, the claim against Mr. Stromack must be dismissed because he cannot be held individually liable and Plaintiffs have not made any claim against him in his official capacity.

**CONCLUSION**

Plaintiffs' claims fail at every threshold. Counts I, II, portions of III, and IV are barred by the statute of limitations. Counts II-V are barred by a lack of real party in interest and because they do not survive Mrs. Redington's death. All claims against Mr. Stromack are subject to dismissal based on a lack of plausible non-conclusory facts establishing duty, control, employer

status, actionable conduct, or vicarious liability. Finally, all claims are subject to dismissal against these individual defendants for lack of personal jurisdiction.

WHEREFORE, Defendants Thomas Brown and Brandon Stromack request this Court dismiss all claims against them.

**DATED** this 3rd day of August, 2026.

THOMAS BROWN, AND BRANDON STROMACK, DEFENDANTS

By: */s/ Kari Hartman*
Lucas Buckley (Wyo. Bar #6-3997)
Kari Hartman (Wyo. Bar #8-6507)
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
(307) 634-0985 (fax)
lbuckley@hkwyolaw.com
khartman@hkwyolaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of August, 2026, a true and correct copy of the foregoing was served upon counsel as follows:

Freeburg Law, LLC            [__] U.S. Mail
Alex F. Freeburg             [✓] CM/ECF
Rachel Berkness              [__] Hand Delivered
PO Box 3442                  [__] E-mail
Jackson, WY 83001
*Attorneys for Plaintiff*

*/s/ Candice Hough*
Hathaway & Kunz, LLP