Cory R. Laird (7-5800)
Riley M. Wavra (8-6871)
Ryan G. Weldon (8-7610)
LAIRD COWLEY, PLLC
2315 McDonald Avenue, Suite 220
Missoula, MT 59801
P.O. Box 4066
Missoula, MT 59806-4066
Telephone:    (406) 541-7400
Facsimile:    (406) 541-7414
Email:        claird@lairdcowley.com
              rwavra@lairdcowley.com
              rweldon@lairdcowley.com

Attorneys for dGEN Energy Partners, Inc.


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| LLOYD R. REDINGTON, JR, Individually and in his capacity as the Court-appointed Wrongful Death Representative of the Estate of LYNDA LEANNE REDINGTON, deceased, and as natural father and next friend of L.R. Redington, a minor, Elle A. Redington, <br><br> Plaintiffs, <br><br> vs. <br><br> dGEN ENERGY PARTNERS, INC.; THOMAS BROWN, an individual; BRANDON STROMACK, an individual, <br><br> Defendants. | Civil Action No. 1:26-cv-213 <br><br> THE HONORABLE KELLY H. RANKIN <br><br> **ANSWER AND DEMAND FOR JURY TRIAL** |

COMES NOW, Defendant dGEN Energy Partners, Inc. ("dGEN"), by and through

its counsel of record, and for its Answer to Complaint, admits, denies, states, and alleges

as follows:

1

**FIRST DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Unless expressly admitted below, all of the allegations of the Complaint are denied. To the extent any allegations of the Complaint are inconsistent with or unanswered by the answers below, they are denied.

**THIRD DEFENSE**

In answering the specific allegations of the Complaint, dGEN admits, denies, states, and alleges as follows:

**I. INTRODUCTION**

1.     This action arises from the death of Lynda Leanne Redington ("Lynda" or "Decedent"), a 51-year-old wife, mother, and employee of dGEN, who died on May 11, 2024, at a remote beach in Puerto Rico, while in the company of dGEN Chief Executive Officer, Thomas Brown.

**ANSWER:**  Upon information and belief, dGEN admits Lynda Leanne Redington ("Ms. Redington") died in Puerto Rico in 2024. dGEN lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in ¶ 1 of the Complaint and, therefore, denies all remaining allegations.

2.     An independent forensic autopsy performed by Dr. Daniel L. Schultz, M.D., of Final Diagnosis, Inc. (Autopsy Case No. FD-66-24), conclusively documents that Lynda died from manual strangulation, accompanied by multiple antemortem blunt-

force injuries in protected and defensive locations on her body, and further concludes that there was no evidence of drowning. Dr. Schultz ruled Lynda's death a homicide.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in ¶ 2 of the Complaint and, therefore, denies the same.

3.      At the time of her death, Lynda was a known internal whistleblower who had repeatedly raised concerns about potential misconduct at dGEN. The only person near her when she died, and for some time before, was dGEN CEO Thomas Brown.

**ANSWER:** dGEN denies the allegations contained in ¶ 3 of the Complaint.

4.      Plaintiffs bring this action under Wyoming's Wrongful Death Act, Wyo. Stat. §§ 1-38-101 to -105, and as a survival action, and under the common law of Wyoming for battery, assault, negligence, negligent hiring, negligent supervision, negligent oversight, retention and training, intentional infliction of emotional distress, and violation of Title VII of the Civil Rights Act. They seek compensatory damages, punitive damages, pre- and post-judgment interest, costs, and all other relief to which Plaintiffs and the statutory beneficiaries are entitled.

**ANSWER:** The allegations in ¶ 4 contain legal conclusions for which no response is required or provided.  To the extent a response is required, dGEN denies the allegations contained in ¶ 4 of the Complaint.

## II. PARTIES

5.      Decedent Lynda Leanne Redington was, at all relevant times until her death on May 11, 2024, a resident of Michigan, born April 16, 1973. She is survived by Lloyd

R. Redington, Jr., her husband, and her children, L.R. Redington, a minor, and Elle A. Redington, as well as her parents, Louis W. Staubs and Charlotte A. Rollison Staubs, who are the statutory beneficiaries entitled to recover under Wyo. Stat. § 1-38-102(c).

**ANSWER:** dGEN admits Ms. Reddington was a resident of Michigan.  dGEN lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in ¶ 5 of the Complaint and, therefore, denies the same.

6.       Plaintiff Lloyd R. Redington, Jr. is the duly appointed Wrongful Death Representative of the Estate of Lynda Leanne Redington, having been so appointed by Order of the District Court of the Fourth Judicial District, Sheridan County, Wyoming, Civil Action No.: 2026-cv-0000114, on May 8, 2026. A true and correct copy of the Order of Appointment is attached hereto as **Exhibit A**. Plaintiffs bring this action in such representative capacity pursuant to Wyo. Stat. § 1-38-102(a). Plaintiffs have performed all conditions precedent in advance of filing. No administrative remedy is available to Plaintiffs.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in ¶ 6 of the Complaint and, therefore, denies the same.

7.       Plaintiff Lloyd R. Redington also brings his action as next friend on behalf of L.R. Redington, a minor. L.R. Redington is Lynda Redington's daughter and is a resident of the state of Michigan.

**ANSWER:**   dGEN lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in ¶ 7 of the Complaint and, therefore, denies the same.

8.      Plaintiff Lloyd R. Redington also brings this action in his individual capacity. Mr. Redington is a resident of the state of Michigan.

**ANSWER:**   dGEN lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in ¶ 8 of the Complaint and, therefore, denies the same.

9.      Plaintiff Elle A. Redington is the daughter of Lynda Redington. She is a beneficiary of the estate and also brings this action in her individual capacity. She is a resident of the state of Michigan. Defendant dGEN is a Wyoming Corporation and is incorporated in Wyoming. Upon information and belief, dGEN conducts regular business in the State of Wyoming, including maintaining offices, projects, and operations in Sheridan County, Wyoming. dGEN may be served through its registered agent, Registered Agents Inc., 30 N. Gould Street, Suite R, Sheridan, Wyoming 82801.

**ANSWER:**  Upon information and belief, dGEN admits Elle A. Redington is the daughter of Ms. Redington, and dGEN admits it is a Wyoming corporation.  dGEN denies all remaining allegations contained in ¶ 9 of the Complaint.

10.     Defendant Thomas Brown is, on information and belief, an adult individual residing in the state of Michigan and at all relevant times was the Chief Executive Officer and/or an officer, director, principal, employee, and/or agent of Defendant dGEN, acting within the course and scope of that relationship. As the CEO of dGEN at all relevant

5

times, Mr. Brown acted as dGEN's alter ego. Defendant Brown may be served at his place of residence or such other place as may be discovered.

**ANSWER:**  dGEN admits Thomas Brown ("Mr. Brown") worked as the Chief Executive Officer for dGEN.  dGEN denies Mr. Brown was acting within the course and scope of dGEN during the disputed period of time.  dGEN further denies that Mr. Brown acted as dGEN's alter ego.  dGEN denies all remaining allegations contained in ¶ 10 of the Complaint.

11.     Defendant Brandon Stromack is, on information and belief, an adult individual residing in the state of California. Alternatively, Mr. Stromack is an individual residing in the state of Massachusetts. At all relevant times, Mr. Stromack was an officer, director, principal, employee, and/or agent of Defendant dGEN, acting within the course and scope of that relationship. He is a co-founder and current Chief Operations Officer for dGEN.

**ANSWER:**  dGEN admits Brandon Stromack ("Mr. Stromack") worked as the Chief Operations Officer for dGEN, was the co-founder of dGEN, and resides in California.  dGEN denies all remaining allegations contained in ¶ 11 of the Complaint.

### III. JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction over this action pursuant to Wyo. Const. Art. V, § 10. The amount in controversy exceeds the required cost for filing in the District Courts for the State of Wyoming.

**ANSWER:**  The allegations contained in ¶ 12 of the Complaint contain legal conclusions for which no response is required or provided.  To the extent a response is

6

required, the Court has subject matter jurisdiction due to federal question jurisdiction, 28 U.S.C. § 1331, and diversity of citizenship jurisdiction, 28 U.S.C. § 1322.  Count V of the complaint contains a federal question.  Additionally, as pleaded by Plaintiffs, the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

13.    This Court has personal jurisdiction over each Defendant pursuant to Wyo. Stat. § 5-1-107 because each Defendant transacts business within Wyoming and has otherwise availed himself or itself of the privileges and protections of Wyoming law, including employment, contracts, project sites, and corporate establishment and location in Wyoming.

**ANSWER:** dGEN admits it is a Wyoming corporation.  All other allegations in ¶ 13 of the Complaint contain legal conclusions for which no response is required or provided.  To the extent a response is required, dGEN denies all remaining allegations.

14.    Venue is proper in Sheridan County, Wyoming, pursuant to Wyo. Stat. § 1-5-105 et seq., because Defendant dGEN is a Wyoming Corporation that maintains its principal place of business in this County.

**ANSWER:** The allegations in ¶ 14 of the Complaint contain legal conclusions for which no response is required or provided.  To the extent a response is required, dGEN denies the allegations contained in ¶ 14 of the Complaint.  Subject to the foregoing, dGEN is not challenging venue in Wyoming federal court.

15.    This action is timely. Lynda died on May 11, 2024. Lloyd Redington was appointed as the wrongful death representative on May 8, 2026. This action was brought

7

within thirty (30) days of the order appointing him, pursuant to Wyo. Stat. § 1-38-103(b)(ii).

**ANSWER:** dGEN denies the allegations in ¶ 15 of the Complaint.

### IV. FACTUAL ALLEGATIONS

**A.     *Lynda Redington***

16.     Lynda Leanne Redington was 51 years old at her death. She was a spouse, parent, and professional. She was healthy and active, with a reasonable life expectancy of more than 30 additional years.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Complaint and, therefore, denies the same.

17.     At the time of her death, Lynda was employed by Defendant dGEN, where she worked closely with Defendant Thomas Brown and other dGEN officers and employees. Lynda was hired by dGEN around October 2022.

**ANSWER:** dGEN admits ¶ 17 of the Complaint.

**B.     *Mr. Brown's exercise of control and authority over Lynda.***

18.     Mr. Brown's inappropriate behavior toward Lynda began almost immediately. In September 2022, Lynda was looking for a job. Mr. Brown lived next door to her. He encouraged her to apply to work for his company, dGEN.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the Complaint and, therefore, denies the same.

19.     While going through the application process, Mr. Brown told Lynda how much to ask for in salary and advised her to request a yearly bonus. He also advised her on how and when to communicate with the CEO at the time, Tim Polega.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Complaint and, therefore, denies the same.

20.     Lynda was hired in October 2022. Only one other woman was employed by dGEN at that time. The employees worked remotely. Upon information and belief, Lynda was the only female subordinate Mr. Brown had regular in-person access to.

**ANSWER:**  dGEN admits it hired Ms. Redington in October 2022.  dGEN denies the remaining allegations contained in ¶ 20 of the Complaint.

21.     Almost immediately, Mr. Brown began engaging in inappropriate conversations with Lynda. He disclosed private details to her about his marital issues, including details about his sexual relationship with his wife.

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Complaint and, therefore, denies the same.

22.     Mr. Brown asked Lynda for advice on how to furnish and decorate his new apartment. At the same time, he advised her on how to find success at dGEN.

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the Complaint and, therefore, denies the same.

23.     Mr. Brown soon began engaging in an inappropriate sexual affair with Lynda. Upon information and belief, Lynda was targeted for the inappropriate sexual relationship with Mr. Brown because of her gender.

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of the Complaint and, therefore, denies the same.

24.     In or around January 2023, dGEN hired "Walt" Jordan to join the team.

**ANSWER:**  dGEN admits the allegations in ¶ 24 of the Complaint.

25.     In April 2023, Mr. Polega resigned as CEO of dGEN and Mr. Brown stepped into his shoes.

**ANSWER:**  dGEN admits the allegations contained in ¶ 25 of the Complaint.

26.     Upon information and belief, Brandon Stromack participated in the decision to move Mr. Brown into the CEO role.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the Complaint and, therefore, denies the same.

27.     As dGEN's CEO, Mr. Brown served as the company's alter ego.

**ANSWER:**  The allegations in ¶ 27 contain legal conclusions for which no response is required or provided.  To the extent a response is required, dGEN denies the allegations contained in ¶ 27 of the Complaint.

10

*Lynda's Whistleblowing Activity and Defendants' Motive*

28.    Beginning around October 2023, Lynda learned that "Walt" Jordan had a secret past. His name was actually Robert Jordan, and he had recently had to leave Arlington, Texas after allegedly defrauding a number of people in connection with his previous construction company.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Complaint and, therefore, denies the same.

29.    In fact, a Facebook page created by the "victims" of Mr. Jordan could easily be found on the internet.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 29 of the Complaint and, therefore, denies the same.

30.    Lynda told Mr. Brown about Mr. Jordan's past and asked that Mr. Jordan should be terminated. Mr. Brown refused. Instead, he gave Lynda a pay raise. Upon information and belief, Mr. Brown also used his power, influence, and authority over Lynda to encourage her not to disclose Mr. Jordan's past to others within the company.

**ANSWER:** dGEN denies the allegations in ¶ 30 of the Complaint.

31.    As Mr. Jordan became more active at dGEN, Lynda suspected that some of his projects, especially the insurance claim projects, did not comply with ethical standards and could get the company in legal trouble. She told Mr. Brown this and

11

suggested that all of Mr. Jordan's projects be accompanied by detailed scope of work documents so that the projects could and should be more closely monitored.

**ANSWER:**  dGEN lacks knowledge or information as to Ms. Redington's suspicions, and therefore, denies all allegations contained in ¶ 31 of the Complaint. dGEN denies all remaining allegations in ¶ 31 of the Complaint.

32.     Lynda's requests were not addressed, but her persistence began to cause tension between her, and Mr. Brown, Mr. Jordan and other officers of the company. About a month before her death, Mr. Jordan sent Lynda a threatening text message, which ended with the words, "this is my final warning."

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the Complaint and, therefore, denies the same.

33.     Lynda again told Mr. Brown that she believed Mr. Jordan should be terminated. This time, she also reported her concerns to Brandon Stromack. Mr. Stromack told Lynda that Mr. Jordan was not going anywhere and said that she needed to accept that or decide whether she would resign.

**ANSWER:**  dGEN admits Ms. Redington was informed dGEN was not going to terminate Mr. Jordan.  dGEN denies all remaining allegations contained in ¶ 33 of the Complaint.

34.     Meanwhile, private texts between Mr. Brown and Lynda indicate that Mr. Brown used his inappropriate sexual relationship with her, his subordinate, to exert power

and control over her in an effort to keep her quiet about Mr. Jordan. These actions were taken in furtherance of dGEN's financial interests and for its pecuniary benefit.

**ANSWER:**  dGEN denies the allegations in ¶ 34 of the Complaint.

35.     About a month before her death, the officers and directors of dGEN sent Lynda a letter drafted by company attorneys that made clear that she was being demoted at her job and that her pay and responsibilities would be greatly reduced. Lynda referred to the letter as the "Shut Up Lynda" agreement. The letter also told Lynda not to communicate further with Mr. Jordan, or to speak to anyone else at the company about Mr. Jordan.

**ANSWER:**  dGEN lacks knowledge or information as to what Ms. Redington called this letter.  dGEN admits it provided Ms. Redington a letter outlining her pay and responsibilities.  dGEN denies all remaining allegations in ¶ 35 of the Complaint.

36.     Lynda refused to sign the agreement.

**ANSWER:**  dGEN admits ¶ 36 of the Complaint.

37.     Nonetheless, upon information and belief, Mr. Brown used his influence and control over her to convince her to remain employed with dGEN rather than to resign and risk Lynda exposing Mr. Jordan's past more broadly.

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 37 of the Complaint and, therefore, denies the same.

**C.     *The Trip to Puerto Rico***

38.     On or about May 8, 2024, at the direction and arrangement of Defendants dGEN, Mr. Stromack, and Mr. Brown, Lynda traveled to Puerto Rico with several other dGEN officers, directors and employees for a company business trip.

**ANSWER:** dGEN admits ¶ 38 of the Complaint.

39.     On May 11, 2024, Lynda and Mr. Brown drove to a remote beach in Luquillo, Puerto Rico. No one else from dGEN went to the beach with Mr. Brown and Lynda, and there were no other people near them at that beach. A nurse from Colorado, her husband, and two children were the nearest but they were a relatively long distance away.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 39 of the Complaint and, therefore, denies the same.

40.     Lynda and Mr. Brown were together on the beach and in the water, with both boogie boarding about 100 to 150 yards from the shore.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 40 of the Complaint and, therefore, denies the same.

41.     At some point, the two of them paddled to the shore on their boogie boards and Lynda then stood up at the edge of the water and thereafter collapsed a few yards onto the sand.

14

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 41 of the Complaint and, therefore, denies the same.

42. The nurse saw Lynda collapse and ran across the beach to help. She gave Lynda CPR for some period of time while her husband, not Mr. Brown, called EMS. The first responders eventually arrived and continued lifesaving efforts, which were ultimately unsuccessful.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the Complaint and, therefore, denies the same.

43. Strangely, law enforcement was not cooperative with the family and communicated with them very little.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 43 of the Complaint and, therefore, denies the same.

44. When the autopsy report came back, it curiously claimed that Lynda died of drowning. Lynda, however, was not in the water when she died. She had left the water and taken a few steps on the sand away from the water line, where she died shortly thereafter. She also had injuries consistent with violent trauma.

**ANSWER:** dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 44 of the Complaint and, therefore, denies the same.

45.    A subsequent autopsy, performed by a medical examiner in Florida, determined that **Lynda did not die of drowning and, in fact, showed no signs of drowning**. The Florida medical examiner instead found signatures on Lynda's body indicative of severe physical abuse, including strangulation, severe bruising, deep tissue contusions, and lacerations.

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 45 of the Complaint and, therefore, denies the same.

46.    The Florida medical examiner determined that Lynda died as a result of the strangulation and physical abuse.

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 46 of the Complaint and, therefore, denies the same.

47.    Prior to her day at the beach with dGEN CEO Thomas Brown, Lynda neither had, nor reported, any signs or symptoms of physical abuse, including no bruising, no strangulation marks, no deep tissue contusions and no lacerations.

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 47 of the Complaint and, therefore, denies the same.

48.    Mr. Brown's actions were taken in furtherance of dGEN. They were motivated by a desire to advance dGEN's pecuniary interests by keeping Mr. Jordan employed while also silencing Lynda.

16

**ANSWER:**  dGEN denies the allegations in ¶ 48 of the Complaint.

49.    Upon information and belief, the acts complained of herein may also give rise to an action for breach of contract. Defendants are hereby on notice that, if sufficient facts discovered, Plaintiffs may amend to pursue such a claim.

**ANSWER:**  dGEN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 49 of the Complaint and, therefore, denies the same.

## V. CAUSES OF ACTION

### COUNT I – WRONGFUL DEATH

*(Wyo. Stat. §§ 1-38-101 to -105)*

*(Against All Defendants)*

50.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** dGEN restates and realleges each paragraph of this Answer as if fully set forth herein.

51.    Pursuant to Wyo. Stat. § 1-38-101, whenever the death of a person is caused by the wrongful act, neglect, or default of another, and the act, neglect, or default would, if death had not ensued, have entitled the injured person to maintain an action, the person liable would have been is liable in an action notwithstanding the death.

**ANSWER:** The allegations contained in ¶ 51 of the Complaint contain legal conclusions for which no response is required or provided.  To the extent a response is deemed necessary, dGEN denies the allegations contained in ¶ 51 of the Complaint.

17

52.     Lynda's death was caused by: (1) the wrongful acts of Mr. Brown, who, while not intending to kill Lynda, physically abused her, which abuse ultimately and negligently resulted in her death on the beach; and (2) by the wrongful conduct of Defendant dGEN, as Mr. Brown was acting in the course and scope of his duties as an officer and director of dGEN and committing an act that the thought would benefit dGEN, including the efforts to silence Lynda; and (3) by the other officers and directors of dGEN who, with knowledge of Lynda's concerns and actions at dGEN, ratified and/or overlooked the developing dangerous situation for Lynda, and failed to protect, failed to oversee, failed to investigate, failed to intervene and otherwise failed to take any action to ensure Lynda's safety in the workplace and while on company business. Accordingly, dGEN is directly and vicariously responsible for Lynda's death.

**ANSWER:**  dGEN denies the allegations in ¶ 52 of the Complaint.

53.     Had Lynda survived, she would have been entitled to maintain an action against each Defendant directly and/or vicariously for battery, assault, intentional infliction of emotional distress, negligence, and other claims described herein.

**ANSWER:** The allegations contained in ¶ 53 of the Complaint contain legal conclusions for which no response is required or provided.  To the extent a response is deemed necessary, dGEN denies the allegations contained in ¶ 53 of the Complaint.

54.     Plaintiff Lloyd Redington is the duly appointed Wrongful Death Representative under Wyo. Stat. § 1-38-102(a) and brings this action on behalf of the statutory beneficiaries identified in Wyo. Stat. § 1-38-102(c).

18

**ANSWER:**  The allegations contained in ¶ 54 of the Complaint contain legal conclusions for which no response is required or provided.  To the extent a response is deemed necessary, dGEN denies the allegations contained in ¶ 54 of the Complaint.

55.     As a direct and proximate result of Defendants' wrongful acts, the statutory beneficiaries have sustained pecuniary and non-pecuniary damages recoverable under Wyo. Stat. § 1-38-102(c), including, but not limited to: loss of financial support; loss of household services; loss of accumulations to the estate; loss of society, consortium, companionship, comfort, protection, marital care, parental care, attention, advice, counsel, training, education, and guidance; mental anguish, grief and bereavement; and reasonable funeral and burial expenses, all in amounts to be proven at trial.

**ANSWER:**  dGEN denies the allegations in ¶ 55 of the Complaint.

56.     Defendants' conduct was willful, wanton, malicious, and undertaken with conscious disregard for Lynda's rights and safety, justifying an award of punitive and exemplary damages in an amount sufficient to punish and deter.

**ANSWER:**  dGEN denies the allegations contained in ¶ 56 of the Complaint.

### COUNT II – SURVIVAL ACTION; BATTERY AND ASSAULT

*(Against Defendant Brown)*

57.     Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** dGEN restates and realleges each paragraph of this Answer as if fully set forth herein.

19

58.     Defendant Brown intentionally caused harmful and offensive contact with the person of Lynda Redington, including, without limitation, by grabbing and compressing her throat, applying sufficient pressure to cause the deep antemortem hemorrhages and petechiae documented at autopsy, and by striking her body with sufficient force to cause the multiple acute contusions and lacerations documented in the autopsy report. Such contact constitutes battery.

**ANSWER:** dGEN denies the allegations contained in ¶ 58 of the Complaint.

59.     Defendant Brown intentionally placed Lynda in apprehension of imminent harmful and offensive contact, constituting assault.

**ANSWER:** dGEN denies the allegations contained in ¶ 59 of the Complaint.

60.     Defendants' acts of battery and assault were unprivileged and were committed without Lynda's consent.

**ANSWER:**    dGEN denies the allegations contained in ¶ 60 of the Complaint.

61.     Between the inception of the attack and her negligently resulting death, Lynda was conscious and suffered severe physical pain, terror, and mental anguish.

**ANSWER:** dGEN denies the allegations contained in ¶ 61 of the Complaint.

62.     Pursuant to Wyo. Stat. § 1-4-101, this cause of action survives the death of Lynda, and Plaintiff, in his representative capacity, is entitled to recover all damages Lynda could have recovered had she lived, including damages for conscious pain and suffering, mental anguish, and punitive damages.

20

**ANSWER:** The allegations contained in ¶ 62 of the Complaint contain legal conclusions for which no response is required or provided.  To the extent a response is deemed necessary, dGEN denies the allegations contained in ¶ 62 of the Complaint.

63.      Defendant dGEN is liable for the conduct of Defendant Brown under the doctrines of respondeat superior, vicarious liability, ratification, and aiding and abetting, in that the acts were committed by a managing agent within the scope of his employment and/or allowed, overlooked or ratified by dGEN.

**ANSWER:** dGEN denies the allegations contained in ¶ 63 of the Complaint.

64.      As the alter ego of dGEN, dGEN is vicariously liable for Defendant Brown's actions in his capacity as CEO done in furtherance of the company.

**ANSWER:** dGEN denies the allegations contained in ¶ 64 of the Complaint.

## COUNT III – NEGLIGENCE; NEGLIGENT HIRING, OVERSIGHT, RETENTION, SUPERVISION, AND TRAINING

*(Against Defendant dGEN and Defendant Stromack)*

65.      Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**  dGEN restates and realleges each paragraph of this Answer as if fully set forth herein.

66.      Defendant dGEN and Defendant Stromack owed Lynda a duty of reasonable care, including duties to: (a) maintain a workplace free from violence and retaliation against employees who report misconduct; (b) refrain from placing Lynda alone with persons it knew or should have known posed a risk of harm; (c) exercise

reasonable care in the hiring, retention, oversight, supervision, and training of its officers, directors, employees, and agents, including Defendant Brown; (d) take reasonable steps to investigate and address Lynda's reports of misconduct; and (e) protect Lynda from foreseeable retaliation arising from her whistleblowing.

**ANSWER:**  The allegations contained in ¶ 66 of the Complaint contain legal conclusions for which no response is required or provided.   To the extent a response is required, dGEN denies the allegations contained in ¶ 66 of the Complaint.

67.    Defendant dGEN and Defendant Stromack breached each of these duties by, among other acts and omissions: failing to investigate Lynda's reports; failing to properly oversee Brown's interactions with Lynda; arranging or permitting her to travel alone with Brown; failing to maintain anti-retaliation policies and training; and ignoring or covering up red flags concerning Robert "Walt" Jordan's and Brown's prior conduct, threats, and/or animus.

**ANSWER:**  dGEN denies the allegations in ¶ 67 of the Complaint.

68.    Additionally, Defendant dGEN and Defendant Stromack breached these duties by allowing Mr. Brown to take over the CEO role without sufficient investigation into his inappropriate relationship with Lynda.

**ANSWER:**  dGEN denies the allegations in ¶ 68 of the Complaint.

69.    The conduct of Brown described herein was reasonably foreseeable to dGEN.

**ANSWER:** dGEN denies the allegations contained in ¶ 69 of the Complaint.

70.    As a direct and proximate result of dGEN's breaches, Lynda suffered injury and death, and the statutory beneficiaries and other plaintiffs suffered the damages described above.

**ANSWER:**  dGEN denies the allegations in ¶ 70 of the Complaint.

71.    dGEN's conduct was undertaken with willful and wanton disregard for Lynda's rights and safety, justifying punitive damages.

**ANSWER:** dGEN denies the allegations contained in ¶ 71 of the Complaint.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### *(Against Defendant Brown)*

72.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** dGEN restates and realleges each paragraph of this Answer as if fully set forth herein.

73.    Defendant Brown's physical abuse of Lynda was extreme and outrageous, beyond all bounds of decency tolerated in a civilized community.

**ANSWER:**  dGEN denies the allegations contained in ¶ 73 of the Complaint.

74.    Defendant engaged in such conduct intentionally or with reckless disregard for the high probability of causing severe emotional distress.

**ANSWER:**  dGEN denies the allegations contained in ¶ 74 of the Complaint.

75.    As a direct and proximate result, Lynda suffered severe emotional distress, including terror and conscious suffering, prior to her death; this claim survives pursuant

to Wyo. Stat. § 1-4-101 and is brought by Plaintiff Lloyd Redington in his representative capacity.

**ANSWER:**  dGEN denies the allegations contained in ¶ 75 of the Complaint.

76.    Defendants' conduct was malicious, willful, and wanton, justifying punitive damages.

**ANSWER:** dGEN denies the allegations contained in ¶ 76 of the Complaint.

77.    Defendant dGEN is liable for the conduct of Defendant Brown under the doctrines of respondeat superior, vicarious liability, ratification, and aiding and abetting, in that the acts were committed by a managing agent within the scope of his employment and/or allowed, overlooked or ratified by dGEN.

**ANSWER:**  dGEN denies the allegations contained in ¶ 77 of the Complaint.

78.    As the alter ego of dGEN, dGEN is vicariously liable for Defendant Brown's actions in his capacity as CEO done in furtherance of the company.

**ANSWER:**  dGEN denies the allegations contained in ¶ 78 of the Complaint.

## COUNT V – SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*(Against Defendants)*

79.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**  dGEN restates and realleges each paragraph of this Answer as if fully set forth herein.

24

80.    Lynda had a right to be free from a hostile or abusive work environment under Title VII of the civil Rights Act of 1964.

**ANSWER:**  The allegations in ¶ 80 of the Complaint contain legal conclusions to which no response is required or provided.  To the extent a response is required, dGEN denies the allegations contained in ¶ 80 of the Complaint.

81.    Defendants violated that right by, among other things:

    a.    Targeting Lynda for an inappropriate sexual relationship due to her gender;

    b.    Subjecting her to an inappropriate relationship with her superior;

    c.    Utilizing the inappropriate sexual control Mr. Brown exerted over Lynda to dGEN's anticipated pecuniary benefit;

    d.    Exercising control over Lynda's whistleblowing activities by maintaining the power and influence created by the inappropriate sexual relationship;

    e.    Allowing Mr. Brown to attain the role of CEO despite the inappropriate sexual relationship;

    f.    Failing to enact and/or enforce sufficient sexual harassment policies to protect Lynda from the inappropriate sexual relationship;

      g.     Requiring Lynda to travel to remote locations in connection with dGEN business where she was expected to engage in inappropriate sexual conduct with Mr. Brown;

      h.     Causing Lynda's death on account of her gender.

**ANSWER:** dGEN denies the allegations contained in ¶ 81 of the Complaint.

## V. DAMAGES

82. As a direct and proximate result of Defendants' conduct, Lynda suffered conscious physical pain, terror, and mental anguish in the time that preceded her death.

**ANSWER:** dGEN denies the allegations contained in ¶ 82 of the Complaint.

83. As a direct and proximate result of Defendants' conduct, the statutory beneficiaries have suffered and will continue to suffer the loss of Lynda's society, companionship, comfort, protection, marital care, parental care, attention, advice, counsel, training, education, and guidance; loss of Lynda's financial support and contributions; loss of household services; loss of accumulations to her estate; mental anguish and bereavement; and reasonable funeral and burial expenses.

**ANSWER:** dGEN denies the allegations contained in ¶ 83 of the Complaint.

## VI. PUNITIVE DAMAGES

84. The conduct of each Defendant, as alleged above, was committed with malice, willfulness, and wanton disregard for human life and the rights of Decedent and the statutory beneficiaries.

**ANSWER:** dGEN denies the allegations contained in ¶ 84 of the Complaint.

85.     An award of punitive damages is necessary and appropriate to punish Defendants for their conduct and to deter Defendants and others similarly situated from engaging in like conduct in the future.

**ANSWER:** dGEN denies the allegations contained in ¶ 85 of the Complaint.

## VII. JOINT AND SEVERAL LIABILITY

86.     Each Defendant acted intentionally and in concert with the others, such that each is jointly and severally liable for the entirety of Plaintiffs' damages because the parties were acting in concert.

**ANSWER:** dGEN denies the allegations contained in ¶ 86 of the Complaint.

## AFFIRMATIVE DEFENSES

The following affirmative defenses are asserted to ensure they are not waived.  In the event discovery reveals that some or all of the defenses are not warranted, they will be withdrawn following complete discovery.

1.     Plaintiffs failed to exhaust their administrative remedies under Title VII of the Civil Rights Act of 1964.

2.     All or some of Plaintiffs' damages, if any, are barred as a matter of law.

3.     Plaintiffs' damages, if any, are barred or proportionally reduced by Ms. Redington's own comparative or contributory negligence or that of her agents.

4.     Plaintiffs' claims are barred by Ms. Redington's assumption of risk.

5.     Plaintiffs' claims are barred by the applicable statute of limitation.

6.     Plaintiffs' damages, if any, are attributable to the acts, errors, or omissions of others over whom dGEN had no control, and not due to any act or omission by dGEN.

If applicable, any damages must be allocated to the other responsible parties as required by the law.

7. Plaintiffs' damages, if any, have already been paid or satisfied, and Plaintiffs are not entitled to claim or recover them in this action.

8. There is no causal connection between anything dGEN did or did not do and the damages claimed by Plaintiffs.

9. Plaintiffs' claims should be dismissed for failure to join indispensable parties.

10. In the event it is determined Plaintiffs did suffer injuries as alleged in their Complaint, the conditions that caused Plaintiffs' injuries were open and obvious and were known or should have been known to Plaintiffs.

11. dGEN incorporates by reference, and raises, as if fully set forth herein, any affirmative defense raised by any other party to this action.

12. Plaintiffs' claims are barred by Workers' Compensation exclusivity.

13. Plaintiffs' claims are barred because no individual was acting within the course and scope of dGEN.

**RESERVATIONS OF ADDITIONAL DEFENSES, CROSS-CLAIMS AND THIRD-PARTY CLAIMS**

dGEN expressly reserves its right to add additional defenses, including affirmative defenses, following initial discovery and also to assert and file additional cross-claims and third-party claims prior to the deadline imposed by the Court and as prescribed by Rule 16. Discovery is ongoing. All such amendments shall take place no later than the

28

Final Pretrial Conference.

## **PRAYER FOR RELIEF**

WHEREFORE Defendant dGEN respectfully prays for the following relief:

1.      That the Court dismiss Plaintiffs' claims against dGEN with prejudice.

2.      That Plaintiffs take nothing by way of their Complaint against dGEN;

3.      For judgment in dGEN's favor;

4.      For an award of attorneys' fees and costs; and

5.      For such further and other relief as this Court may deem just and necessary.

DATED this 3rd day of August, 2026.


By: /s/ Ryan G. Weldon
Ryan G. Weldon (8-7610)
LAIRD COWLEY, PLLC
P.O. Box 4066
Missoula, Montana 59806
Telephone:   (406) 541-7400
Facsimile:   (406) 541-7414
Email: rweldon@lairdcowley.com
Attorneys for dGEN Energy Partners,
Inc.

## DEMAND FOR JURY TRIAL

Defendant dGEN hereby demands a trial by jury on all issues so raised herein.

DATED this 3rd day of August, 2026.

By: /s/ Ryan G. Weldon
Ryan G. Weldon (8-7610)
LAIRD COWLEY, PLLC
P.O. Box 4066
Missoula, Montana 59806
Telephone:   (406) 541-7400
Facsimile:   (406) 541-7414
Email: rweldon@lairdcowley.com
Attorneys for dGEN Energy Partners,
Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 3rd day of August, 2026, a true and correct copy of the foregoing was served upon the following as indicated:

[ ] U.S. Mail            Alex F. Freeburg
[ ] Email                Rachel Berkness
[ ] Hand Delivery      Freeburg Law, LLC
[ ] Federal Express    235 E Broadway Ave #103
[X] CM/ECF           Jackson, WY 83001
[ ] Facsimile          *Attorneys for Plaintiffs*
[ ] Certified Mail,
     Return Receipt Requested

[ ] U.S. Mail            Brent E. Inabnit
[ ] Email                Sopko, Nussabaum, Inabnit, Kaczmarek
[ ] Hand Delivery      210 South Michigan Street
[ ] Federal Express    5th Floor
[X] CM/ECF           Plaza Building
[ ] Facsimile          South Bend, Indiana 46601
[ ] Certified Mail,      BrentI@sni-law.com
     Return Receipt Requested    *Attorneys for Thomas Brown*

[ ] U.S. Mail            Lucas Buckley
[ ] Email                Kari Hartman
[ ] Hand Delivery      Hathaway & Kunz
[ ] Federal Express    2515 Warren Avenue
[X] CM/ECF           Suite 500
[ ] Facsimile          P.O. Box 1208
[ ] Certified Mail,      Cheyenne, WY 82001
     Return Receipt Requested    lbuckley@hkwyolaw.com
                               *Attorneys for Brandon Stromack*

By: /s/ Ryan G. Weldon
      Ryan G. Weldon (8-7610)
      LAIRD COWLEY, PLLC
      P.O. Box 4066
      Missoula, Montana 59806
      Telephone:   (406) 541-7400
      Facsimile:    (406) 541-7414
      Email: rweldon@lairdcowley.com
      Attorneys for dGEN Energy Partners, Inc.

31